UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL L. GIDDENS          ]
        Petitioner,        ]
                           ]
v.                         ]     No. 3:08-0589
                           ]     Judge Campbell
RICKY J. BELL              ]
        Respondent.        ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the facility, seeking a writ of habeas corpus.

On November 7, 2001, a jury in Williamson County found the petitioner guilty of facilitation to commit a felony and possession of cocaine with the intent to sell or deliver. For these crimes, he received concurrent sentences of 9 1/2 years in prison. Docket Entry No. 17; Addendum No. 1; Document No. 3A at pgs. 43-44. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 17; Addendum No. 3; Document No. 4.

A *pro se* state petition for writ of habeas corpus was then filed in the Circuit Court of Wayne County. Docket Entry No. 17; Addendum No. 5; Document No. 1. That court summarily denied the habeas corpus petition. Docket Entry No. 17; Addendum No. 5; Document No. 3. In November, 2004, the Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief. Docket Entry No. 17; Addendum No. 5; Document No. 5. The Tennessee Supreme Court later denied

1

petitioner's application for further review of his habeas corpus petition. Docket Entry No. 17; Addendum No. 5; Document No. 6.

During the pendency of his state habeas corpus proceedings, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Williamson County. Docket Entry No. 17; Addendum No. 2 at pgs. 35-42. Following the appointment of counsel and an evidentiary hearing, the trial court denied the post-conviction petition. Docket Entry No. 17; Addendum No. 2 at pgs. 138-142. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 17; Addendum No. 4; Document No. 3. The Tennessee Supreme Court once again denied the petitioner's application for additional review. Docket Entry No. 17; Addendum No. 4; Document No. 6.

On June 5, 2008, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition sets forth four claims for relief. These claims include:

    (1)    the petitioner's attorney was ineffective for failing to file a motion to suppress a "small bag of white powder" that was found on the petitioner;[1]

    (2)    illegally obtained evidence ("small bag of white powder") was used to convict the petitioner;

    (3)    evidentiary rulings were made that denied the petitioner a fair and impartial trial :
        a) a prosecution witness (Tim Haun) was allowed to testify about distinguishing a drug dealer from a drug user simply by the way the drugs they carried were packaged;
        b) a prosecution witness (Greg Peckinpaugh) was allowed to offer a "generalized profile" of a drug dealer;

---

[1] The petitioner was represented by Ernest Williams, a member of the Williamson County Bar.

        c) a co-defendant, Ronald Jasmin, was allowed to testify about other drug transactions he and the petitioner were involved in together; and

        d) petitioner's motion for a mistrial was erroneously denied;

    (4)     the evidence was insufficient to support the convictions.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 6) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the petition and respondent's Answer (Docket Entry No. 14) to the petition. Having considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once his federal claims have been raised in the highest

3

state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

To fairly present one's claims to the state courts for exhaustion, the claims must be raised as issues of federal rather than state law. Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001). On direct appeal, the petitioner questioned the sufficiency of the evidence (Claim No. 4) and the evidentiary rulings he believed were contrary to a fair trial (Claim No. 3). Docket Entry No. 17; Addendum No. 3; Document No. 2 at pgs. 10-15. The petitioner raised his ineffective assistance claim (Claim No. 1) during state post-conviction proceedings. Docket Entry No. 17; Addendum No. 4; Document No. 1. The petitioner's assertion that illegally obtained evidence was used to convict him (Claim No. 2) has never been raised in the state courts as an independent claim.[3]

Of the three claims that were considered by the state courts, only the petitioner's sufficiency of the evidence and ineffective assistance claims were raised as federal constitutional issues. The remaining claim, i.e., the evidentiary rulings made by the trial court (Claim No. 3), was presented to the state courts as misapplications of state rather than federal law. As a consequence, this claim was never fairly presented to the state courts and can not now be considered properly exhausted for the purpose of federal habeas corpus review. Anderson v. Harless, 459 U.S. 4, 6 (1982)(a difference in legal theory between that urged in the state courts and in a federal habeas petition will preclude a finding of exhaustion).

---

[2] In Tennessee, the Tennessee Court of Criminal Appeals is the highest court needed to satisfy the exhaustion requirement. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

[3] The seizure of the bag of white powder from the petitioner was discussed by the state courts within the context of counsel's failure to file a motion to suppress but was neither raised nor addressed as an independent claim for relief.

4

Unfortunately, having already filed one petition for post-conviction relief, state court remedies for the petitioner's unexhausted claims (Claim Nos. 2 and 3) are no longer available. *See* Tenn. Code Ann. § 40-30-102(c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982). The petitioner has offered no cause for failing to properly raise these claims in the state courts in a timely manner. Nor is there any showing of prejudice arising from these alleged constitutional violations. As a consequence, these claims are not now subject to federal habeas corpus review.

The petitioner's remaining claims (Claim Nos. 1 and 4) were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law

5

or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The petitioner has alleged that counsel was ineffective for failing to file a motion to suppress a small bag of white powder found on the petitioner (Claim No. 1).[4] The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient *and* that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The state courts correctly recognized Strickland, supra. as the applicable standard of review. Docket Entry No. 17; Addendum No. 4; Document No. 3 at pg. 3. They considered the circumstances leading up to the search of the petitioner and determined that a motion to suppress the cocaine might have been successful. Accordingly, it was found that counsel was deficient for

---

[4] Lab results confirmed that the white powder was cocaine. Docket Entry No. 17; Addendum No. 1; Document No. 3A at pg. 79.

failing to file such a motion. Docket Entry No. 17; Addendum No. 4; Document No. 3 at pgs. 7-8.

The Tennessee Court of Criminal Appeals, however, in assessing whether the petitioner was prejudiced by the failure of counsel to file a suppression motion, stated the following :

> Although petitioner has demonstrated there is no legitimate reason not to file a motion to suppress in this case and that counsel's failure to do so falls below the standards demanded by the standards of effective representation, it is all but impossible to determine what the outcome of a motion to suppress would have been without additional evidence. Therefore, based upon the record presented by Petitioner, he has not proven that there is a reasonable probability that either the trial court or an appellate court would have granted a motion to dismiss.

*Id.* at 8.

This Court agrees that there has been no showing made by the petitioner that counsel's failure to file a motion to suppress so prejudiced the defense as to render the criminal proceeding unfair and the result of the trial unreliable. Thus, in the absence of a showing of prejudice, the petitioner's ineffective assistance claim must fail.

The petitioner also claims that the evidence was not sufficient to support the convictions (Claim No. 4). The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 443 U.S. 319.

Credibility issues, the weight and value to be given to evidence are questions of fact to be determined by the jury. In this case, the jury heard testimony that the petitioner was with his co-

7

defendant, Ronald Jasmin, at the time that a police informant contacted them to arrange for the purchase of some heroin. The petitioner accompanied Jasmin to a supplier who provided them with heroin. He was present when Jasmin cut the heroin with sugar. The petitioner accompanied Jasmin to a hotel where they were to meet the buyer. The evidence showed that the petitioner gave Jasmin three small bags of cocaine to try to sell to the buyer. Both men knocked on the door to the buyer's room. A bag containing a white powder, later identified as cocaine, was found on the petitioner. Docket Entry No. 17; Addendum No. 3; Document No. 4 at pg. 6. From such evidence, a jury could easily find that the petitioner was guilty of facilitating the commission of a felony and possession of cocaine with the intent to sell or deliver. Thus, the evidence was sufficient to sustain the petitioner's convictions.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law.

In the absence of an actionable claim, the Court finds that the petitioner's application for habeas corpus relief has no merit. Accordingly, this action will be dismissed.

An appropriate order will be entered.

                                            Todd Campbell
                                            United States District Judge